IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3329-D

JOHN EDWARD BUTLER, )
)
Plaintiff, )
)
v. ) ORDER
)
LUTHER JOHNSON BRITT, et al., )
)
Defendants. )

On December 29, 2025, John Edward Butler ("Butler" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Butler moves to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action under 28 U.S.C. § 1915(g).

Butler's claims arose on August 18, 1989. See [D.E. 1] 7. Butler sues Robeson County District Attorneys Luther Johnson Britt and Henry Ward Oxendine, Robeson County Superior Court Judge Joe Freeman Britt, Robeson County Superior Court Judge Dexter Brooks, and Sarah J. Kaukola[1] as well as various police officers of the Robeson County Sheriff's Department, the Lumberton County Police Department, and the Tampa Police Department. See id. at 3–6. Butler also sues the Robeson County Superior Court. See id. at 6. Butler asserts claims about the investigation of and his conviction for first-degree murder and assault. See id. at 7–9. Butler seeks release from incarceration and a court order directing the State of North Carolina to turn over any DNA evidence for testing. See id. at 10.

---

[1] Plaintiff identifies this defendant as the Robeson County Superior Court Clerk's Representative. See [D.E. 1] 6.

The Prison Litigation Reform Act's ("PLRA") three-strikes provision allows the court to dismiss a prisoner's action if the prisoner has not paid his filing fees and "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Holley v. Combs, 134 F.4th 142, 143 (4th Cir. 2025); Hall v. United States, 44 F.4th 218, 222 (4th Cir. 2022); Blakely v. Wards, 738 F.3d 607, 610–11 (4th Cir. 2013) (en banc); Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006). Butler has three strikes. See Order, Butler v. North Carolina, No. 5:15-CT-3239 (E.D.N.C. Jan. 28, 2016), [D.E. 9]; Order, Butler v. Britt, No. 5:15-CT-3023 (E.D.N.C. Oct. 8, 2015), [D.E. 8]; Order, Butler v. Hedges, No. 5:15-CT-3021 (E.D.N.C. May 8, 2015), [D.E. 6].

To avoid dismissal and proceed without prepayment of the filing fee, Butler must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This exception "is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall, 44 F.4th at 224; see Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished); Smith v. Mayes, 358 F. App'x 411, 411–12 (4th Cir. 2009) (per curiam) (unpublished). Vague, speculative, or conclusory allegations do not suffice. See Hall, 44 F.4th at 230–31.

Butler attached several pages to his complaint making vague and conclusory allegations about gang members beating him and the denial of medical treatment. [D.E. 1-1] 1–3. Butler, however, does not connect these allegations to any named defendant or the allegations in his

complaint. Butler's vague and conclusory allegations are insufficient to invoke the three strikes exception. See Hall, 44 F.4th at 230–31. Thus, Butler fails to plausibly allege that he is presently under imminent danger of serious physical injury, and he has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

In sum, the court DENIES plaintiff's request to proceed in forma pauperis [D.E. 2], and DISMISSES the action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This 19 day of February, 2026.

                                          JAMES C. DEVER III
                                          United States District Judge